Michael J. Sherwood
MICHAEL J. SHERWOOD, P.C.
401 N. Washington
P.O. Box 8358
Missoula, MT 59807
Phone:  (406) 721-2729
Fax:  (406) 728-8878
mike@mjsherwoodlaw.com

Attorney for Shad James Huston

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE HAROLD SUNCHILD and SHAD JAMES HUSTON,<br><br>Defendants. | CR 14-47-GF-BMM<br><br>AMENDED DEFENDANT HUSTON'S RESPONSE TO THE PROSECUTION'S OFFER OF PROOF |

## I. INTRODUCTION.

The Defendant, Shad James Huston, by and through his Counsel, MICHAEL J. SHERWOOD, respectfully responds to the Prosecution's OFFER OF PROOF (Doc. #25) as set forth below.

## II. ELEMENTS

The Defendant and his Counsel agree with the Prosecution's assessment of the elements of this offense, although, technically the elements should also include the date alleged and the location alleged in the Indicted. Mr. Houston's admission will include those two technical elements.

Additionally, the Prosecution has taken its consistently "shotgun" approach to the elements of this offense, asserting that both "paying a reward" and "paying a bribe" are conjunctive elements of the offense. The statute lists those two acts in the disjunctive and Mr. Huston has agreed to enter a plea to paying a "reward."

Finally, the Prosecution correctly points out that Defense Counsel erroneously titled Mr. Huston's motion to enter a plea of guilty herein as a motion to enter a plea to a Superseding Information. That option is no longer on the table. So, Mr. Huston will be pleading guilty to Count III of the Indictment. Defense Counsel apologizes for any confusion he may have caused the Court or opposing Counsel.

## III. FACTUAL BACKGROUND

### A. The Defendant denies all facts not specifically admitted by the Defendant at his entry of plea hearing.

Mr. Huston respectfully denies all allegations of fact, including those contained in the Prosecution's OFFER OF PROOF and those alleged in other Counts of this Indictment, except those facts specifically admitted by Mr. Huston at his entry of plea of guilty and as outlined in his Motion to Enter Plea of Guilty. For purposes of certainty, with respect to Count III of this Indictment,, Bribery of an Agent of a Program Receiving Federal Funds, in violation of 18 U.S.C. 666(a)(2), the Defendant admits that:

> On or about December 23, 2011, on the Rocky's Boy Indian Reservation, in the District of Montana, the Defendant gave to Bruce Sunchild a Chevrolet Suburban for which the Defendant had paid the sum of $24,977.63 on that same day. At the time, Bruce Sunchild was the Chairman of the Chippewa Cree Business Committee, the Tribes governing body, and, therefore, an agent of an Indian tribal organization as defined in 18 U.S.C. §1163. In making the gift, the Defendant intended to reward (as opposed to bribe) Chairman Sunchild in connection with a series of past business transactions with the Indian tribal government. All but one of those transactions, the $12,823.81 mentioned below, involved the legitimate billing of the Chippewa Cree Tribe by one of the Defendant's businesses for work performed.
>
> In making the gift, the Defendant did so corruptly. That is to say he acted knowingly and intentionally with the purpose of rewarding Bruce Sunchild for:

a. not only lawfully seeing to it that business entities which the Defendant held an interest, K&N Consulting, LLC, TMP Services, LLC and WildHorse Ridge Enterprises, LLP dba Wild HorseRidge Construction had received payment for theirlegitimate services from the Chippewa Cree Tribein spite of the fact that those entities would havehad no legal recourse if the Tribe had failed to paythem because the Tribe enjoyed sovereign immunity from suit; but also

b. authorizing the payment by the Tribe of an additional $12,823.81 which was not legitimate compensation on behalf of a Tribal official in order to obtain that Tribal Official's support for payment of most of the past due money for services (in excess of $100,000) legitimately owed to K&N Consulting, LLC.

The Defendant respectfully preserves his right to a jury determination of his conduct beyond a reasonable doubt with respect to any other allegedly criminal conduct not specifically admitted above.

The Defendant's act was a "reward" because " the gratuity guideline [2C1.2] presumes a situation in which the offender gives the gift without attaching any strings, intending it instead as a reward for actions the public official has already taken or is already committed to take. *United States v. Mariano,* 983 F.2d 1150, 1159 (1st Cir. 1993). That is what occurred here. The distinction between a bribe and an illegal gratuity is the corrupt intent of the person giving the bribe to receive a quid pro quo, something that the recipient would not otherwise

have done *United States v. Griffin*, 154 F.3d 762, 763 (8th Cir. 1998). If the payer's intent is to influence or affect future actions, then the payment is a bribe. If, on the other hand, the payer intends the money as a reward for actions the payee has already taken, or is already committed to take, then the payment is a gratuity. *United States v. Agostino*, 132 F.3d 1183, 1195 (7th Cir. 1997); *United States v. Anderson*, 517 F.3d 953, 962 (7th Cir. 2008).

Here, Mr. Huston was told by Mr. Belcourt that Chairman Sunchild wanted a car for his daughter, but that Sunchild was looking to buy one, not simply be given one. When Mr. Huston delivered the Suburban, Chairman Sunchild said something to the effect of "I can only pay you $400/month." It was then that Mr. Huston said he was insisting that Chairman Sunchild didn't owe him any money. In short, Chairman Sunchild had done what Mr. Huston was thankful for before Mr. Huston had given the Suburban to him. There had been no *quid pro quo* by Chairman Sunchild. Mr Huston intended only to reward Chairman Sunchild for actions he had already taken by giving Chairman Sunchild a gift that he had not demanded in order to take those actions

## IV. CONCLUSION

For purposes of the guilty plea, the Prosecution has asserted that the defendant's proposed admission is sufficient to meet every element of the statute

charged in Count I of the Superseding Information. The Prosecution agrees that it provides a basis in fact, as required by Rule 11 of the Federal Rules of Criminal Procedure, for acceptance of the defendant's guilty plea.  Accordingly, for the foregoing reasons Mr. Huston and his Counsel respectfully ask the Court to accept his plea of guilty, recognizing that the Defendant will later be asking the Court to limit his punishment to that associated with the facts he has actually admitted as being true.

RESPECTFULLY SUBMITTED this 25th day of August, 2014.

 /s/ Michael J. Sherwood
Michael J. Sherwood
Attorney for Shad James Huston,
K&N Consulting, LLC and
TMP Services, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2014, a copy of the foregoing document was served on the following persons by the means indicated below:

| | | | |
|---|---|---|---|
| __1-7__ | CM/ECF | _____ | Hand Delivery |
| _____ | Fax | _____ | U.S. Mail |
| _____ | E-mail | _____ | Overnight Delivery |

1. Clerk, U.S. District Court

2. Carl E. Rostad
   ASST. U.S. ATTORNEY
   P.O. Box 3447
   Great Falls, MT 59403-3447
   Carl.Rostad@usdoj.gov

3. Herman A. Watson, III
   WATSON LAW OFFICE
   424 E. Main Street, Ste. 203A
   Bozeman, MT 59715
   watlawparalegal@gmail.com
   Attorney for Tony Belcourt

4. Larry Jent
   WILLIAMS, JENT & DOCKINS
   506 E. Babcock Street
   Bozeman, MT 59715
   Larry Jent jent.larry@gmail.com
   Attorney Tony Belcourt

5. Jason T. Holden
   FAURE HOLDEN
   ATTORNEYS AT LAW, P.C.
   1314 Central Avenue
   Great Falls, MT 59403
   jholden@faureholden.com
   Attorney for Hailey Belcourt

6. Evangelo Arvanetes
   Federal Defenders of Montana
   104 2nd Street South, Suite 301
   Great Falls, MT 59401
   vann_arvanetes@fd.org
   Attorney for Bruce Sunchild

7. Mark D. Meyer
   UGRIN ALEXANDER ZADICK & HIGGINS
   P.O. Box 1746
   Great Falls, MT 59401
   mdm@uazh.com
   Attorney for Bruce Sunchild

   /s/ Michael J. Sherwood
   MICHAEL J. SHERWOOD
   Attorney for Shad James Huston, K&N Consulting, LLC and TMP Services, LLC